IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY JOSEPH NEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-1003-JDT-egb |
| | ) | |
| TAMMY FORD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL (ECF Nos. 3 & 14),
MOTION FOR EMERGENCY RELIEF (ECF No. 15),
AND MOTION FOR PRELIMINARY INJUNCTION (ECF No. 4)

The *pro se* prisoner Plaintiff, Jimmy Joseph Newell, who is presently an inmate in the custody of the Tennessee Department of Correction ("TDOC") at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 on January 4, 2016. (ECF No. 1.) At the time, Plaintiff was incarcerated at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee. The Court subsequently granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The case has not yet been screened in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In his complaint, Plaintiff alleged, *inter alia*, that he had been assaulted at the WCF and that his life was in danger at that facility because he had been labeled a snitch. (ECF No. 1 at 4.) The complaint was accompanied by a motion for appointment of counsel. (ECF No. 3.) The complaint also was accompanied by a motion for preliminary injunction and protective order in which Plaintiff requested that he be transferred to another TDOC prison, given "unfettered access" to a law library, and that he not be retaliated against. (ECF No. 4.)

On May 4, 2016, Plaintiff filed an "emergency" motion to appoint counsel. (ECF No. 14.) The motion is supported by a Declaration in which Plaintiff stated that he had been placed into a pod with an inmate who was threatening him with harm; he stated he was in constant fear at the WCF. (ECF No. 14-1.) On May 16, 2016, Plaintiff filed another motion for "emergency" relief, again asking that counsel be appointed and stating that he had been assaulted at the WCF a few days earlier. (ECF No. 15.) On June 10, 2016, Plaintiff notified the Court that he had been transferred to the TTCC.

On July 6, 2016, Plaintiff filed a petition for writ of mandamus in the U.S. Court of Appeals for the Sixth Circuit, where it was docketed as case number 16-6083, complaining because this Court has not ruled on his motions to appoint counsel.

Because Plaintiff is no longer incarcerated at the WCF, his motion for a preliminary injunction requesting a transfer and "unfettered access" to the WCF law library is DENIED as moot. *See Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility).

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir.

1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

At this stage of the proceeding, Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case. Nothing in Plaintiff's motions serves to distinguish this case from the many other cases filed by *pro se* prisoners who are not trained attorneys and who have limited access to legal materials. Plaintiff is no longer at the WCF, and any danger to Plaintiff's life which arose at that facility is not sufficient reason, in and of itself, to appoint counsel. Therefore, the motions for appointment of counsel and the motion for emergency relief are DENIED.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE